This is 4090924, The People v. Gerald Snow. For the appellant, we have Anastasia Brooks, and for the apple leaf, Jason Netzle. Ms. Brooks. Good afternoon, Your Honors. May it please the Court and Council, my name is Anastasia Brooks. I represent The People, Ms. Hayes. Although the State is the appealing party here, it seems as though the defendant really has the true burden of persuasion because what the judge did here below is craft a new rule of exclusion for cases such as this one, which there's no case that's precisely on point in this situation, so it is in this particular context. But however, that exclusionary rule, for the reasons I'll state, exceeds the scope of prior precedent, conflicts with that precedent, such that in the sense that here what the judge did was he made a privilege against self-incrimination, self-executing in circumstances that's not previously recognized as self-executing. So under the rule in Minnesota v. Murphy, because it doesn't fit in the Miranda context of custodial interrogation and it doesn't fit in the context of the penalty cases such as Garrity and Lefkowitz, this is not a situation where the defendant can claim the benefit of the privilege for the first time when the State is going to admit it in his DUI trial. He has the privilege not to testify in his DUI trial, but that's clearly improper. What the State is trying to do is to admit his prior voluntary statements as evidence in the DUI trial. So the rule that the privilege against self-incrimination is tied to the particular proceeding, the defendant can waive it in one proceeding and the next proceeding he can claim it. That rule is not an issue here because the defendant has that privilege in his DUI trial, but that privilege in the DUI trial is not going to keep out his prior voluntary statements. So you want a statement to be used as if it were an admission he had made, let's say, to some police officer? Exactly. As long as it fits within the scope of Miranda or if he'd made a voluntary statement to the press or something like that. It's just any other prior voluntary statement because it doesn't fit within the narrow parameters of what Minnesota v. Murphy recognizes as the two extents in which a privilege against self-incrimination does not have to be claimed in order to be effective when it was considered self-executing in the custodial interrogation and in the penalty context. Now the defendant also makes an argument here that, well, he objected. There's this broad, what he characterizes as a broad standing objection. There was a mention of a standing objection, but there was never any reference at all that the defendant was invoking the privilege. And in fact... What if he had done that? Would that have made this a different case? Judge, I object. Not only is this irrelevant, not only is this beyond the scope of direct examination, but to permit the state to pursue this line of cross-examination, it's a violation of my Fifth Amendment rights. Well, the trial judge at that point could have ruled, because he was voluntarily testifying as to the subject matter in which he was being cross-examined, he does not have a privilege against self-incrimination to fall from cross-examination. So if that doesn't matter, then he didn't object in that grounds. Exactly, because if he had objected on the grounds at that point, he's already waived the privilege at the beginning by voluntarily testifying. And in the cases that the defendant cited, like Tilden and Hall, the cases both in which the defendant was called as an adverse witness at the precision hearing, and the situation in which he was not voluntarily testifying, in that situation, it's not the fact that those defendants were called as adverse witnesses that makes the difference. Because after all, as Minnesota v. Murphy recognizes, a general compulsion to testify because a witness is under subpoena, for example, before a grand jury, or called as a witness at trial, does not make that person's statements, which are otherwise voluntary, does not make them compelled unless the privilege is claimed. So essentially, even if he had been called as an adverse witness here, which he was not, he still has to claim the privilege because it's not self- executing. So therefore, he loses the benefit of the privilege. So the defendant makes the argument, well, there's no admonishments and there's no knowing and intelligent waiver, and Minnesota v. Murphy takes care of that argument as well, because the rule there is that you can lose the benefit of other constitutional rights where there has to be a knowing and intelligent waiver, for example, requiring admonishments and things like that. That's not the case here. We cancelled the direct examination of the defendant petitioner, we'll call him, this petition to rescind was pretty short, wasn't that? If I can refer to it. He said he was at Scotty's, Stamford and Pontiac, he had a beer or two, and It's about five pages of transcripts. And then he was stopped by Trooper Lund, and it was on cross-examination that he testified about this other stuff, the people he was with and where he had been before that, what he had eaten, those things. And plus, he had five to six beers at Trump's and Bones Tavern over the course of four hours. That was all on cross? Most of that information is brought on cross, however, the fact that he was at one tavern about four minutes before leaving and the fact that he claimed that he testified on direct that he'd obeyed all traffic laws, that brings into question the credibility of his testimony, the fact that he can be cross-examined about the extent of his drinking, because by implication he says, I only had a couple beers before leaving. Let's change the facts. Okay. Let's assume that he's charged with burglary instead of DUI and claims the police had practically stopped him, he wasn't doing anything wrong, and they found some goods, proceeds from burglary in the front of the car. And in addition, when he's called to testify on a motion to suppress the stuff found in the front of the car, the state asks him about where he was going beyond the limit of direct examination and includes events that he had been involved with a few minutes earlier, earlier that evening. Four people are mentioned and it's the state's theory that those were his four companions in the burglary and it's all a big group of burglars getting together and this serves to link him to them. I'm just pausing right there for a moment. Would the state be able to introduce at his burglary trial the testimony of the defendant regarding the motion to suppress on the grounds that the police had practically stopped him? Only in rebuttal under the Simmons rule as the subject was developed. Only in rebuttal. In that case, because it's a Fourth Amendment violation that is in the criminal case, the exclusionary rule has to be preserved. The efficacy of that rule has to be preserved and that's what Magatha gets to when explaining the problem is not the conflict of having to choose between do I waive my right to self-incrimination or do I lose the potential of meritorious Fourth Amendment issue. The goal of the Simmons rule, Magatha explains, is to preserve the efficacy of the exclusionary rule, deterring police misconduct. Imported to this situation, if the defendant had brought a motion to suppress in the context of his DUI trial, alleging the same grounds, essentially, that I was improperly stopped by police, then we would be under the same Simmons rule and it would only be admissible for the purpose of rebuttal. The focus of the petition to rescind and the hearing thereof and the focus of the case I just gave you in my hypothetical is the same. The police officer probably stopped his car. The factual allegation would be the same, but the effect of that factual allegation would be completely different because in this context and in the case of Kruger, I do not agree, and I've argued on other briefs, I do not agree with Kruger's interpretation of the statute, but what they say is that the implied consent scheme requires in Illinois, which is contrary to the majority rule, as it's now been developed, Kruger says it was the majority rule at the time. Whether that's true, it's no longer true now. But what Kruger said is, we're construing this statute to require a lawful DUI arrest, and if he's improperly stopped, it doesn't become a lawful arrest and therefore it's subject to rescission, but that's a statutory ground. And what we're dealing here is a rescission hearing, which is in the nature of the defendant here is a DUI defendant, but he was acting there in the context of a civil plan. And he's pursuing a statutory remedy to obtain a non-constitutional right to drive that back. Essentially, that is... So is it the difference in the remedy and the interest at stake that distinguishes this proceeding from the motion to suppress? Exactly, because it's not... The interests at stake are dramatically different because it's, in one hand, it's a Fourth Amendment right in the context of a criminal trial, but here the claim is not of a constitutional nature. And that means that the efficacy of the exclusionary rule is not an issue. There's no longer even any tension at all between constitutional rights, which Simmons confronted. And under McArthur's purpose of the Simmons rule, as explained by McArthur, if the license to drive is not of a constitutional basis and the improper or alleged improper stop, which he lost on that ground, but at least the allegation was an improper stop, goes to a statutory remedy of rescission of his license suspension, then he's not having to make this choice between competing constitutional rights. So therefore, there's no basis for suppressing the evidence in this case because he's really acting in the role of a civil plaintiff who's pursuing a civil remedy, and he's got to make that choice. And the fact that he's... Isn't the claim, though, here one which is really the same as my hypothetical, namely police improperly stopped me, didn't have probable cause to do it, or reasonable suspicion, that would be the same being made in my hypothetical. So I guess it's a Fourth Amendment claim in the one, but it's a statutory claim in the other? Well, if the allegation is that there was an illegal seizure, that is a Fourth Amendment claim in the sense that he's alleging a fact which he claims establishes that a Fourth Amendment violation had occurred. And in the Scott case, they talked about what it means for a Fourth Amendment violation. The admission of testimony is not a Fourth Amendment violation. The violation is fully accomplished, according to Scott, at the time of the illegal seizure. The question becomes on appeal or in a trial court, should the court suppress this evidence? That goes to whether an exclusionary rule, which is a judicially crafted remedy, whether that's going to apply in that given case. And in Scott, they talk about the fact that exclusionary rule typically does not apply outside the criminal law context. And in the cases that the state cites in its brief, in the context of administrative license revocation and applied consent laws, the vast majority of cases leaving Illinois quite isolated in its holding. If Illinois does in fact applies the exclusionary rule, which I think some of the earlier cases had said so before Kruger, although there was absolutely no analysis elucidated in the opinion, which says, which Scott basically requires to say, we're going to compare the marginal deterrence against the substantial societal costs of exclusion. And in the cases the state cites, all these other states, these other jurisdictions are saying, we've got on one hand a societal cost of allowing drunk drivers to remain on the roads, and on the other hand, you have very marginal deterrence, hardly any at all, in the fact that police officers aren't stopping people so they would get a summer suspension. They're trying to get convictions and DUI evidence. And if the police officer knows that if they act illegally, the DUI case, the criminal case, is going to be gone, because evidence is going to be suppressed, that's a massive amount of deterrence. And that's already in existence. And it doesn't require an additional exclusionary rule in the context of license. Would this case be different if the defendant, in the hearing of the petition to rescind the statute on summer suspension, called the officer and perhaps other witnesses and rested, and the state said, well, we want to call the defendant. First, could they do that? I think it was the rules in Tilden and Hall, they talk about whether the state could call the defendant as an adverse witness, and the rule was yes, they can in the context of rescission. And if they did that, would his testimony subsequently be admissible in the underlying DUI case? It depends on whether he claims the privilege. Tilden and Hall, at least one or both, cite Minnesota v. Murphy. They're relying on that analysis that the privilege has to be claimed in order for it to... So the state calls the defendant to testify, and the defendant says, I don't want to testify, I am asserting my rights under the Fifth Amendment not to do so. First question is, is that something which the trial judge must abide by or can the trial judge still force the defendant to testify? I'm not sure the answer to that, but if we're considering the two alternatives, if the judge does force the defendant to testify, then it's clearly compelled because it is a valid assertion of privilege. So under no circumstances, then you're conceding the defendant's testimony would not be admissible in the underlying DUI? The rule of Tilden and Hall, which to the extent that they involved testimony or would have been compelled testimony over privilege, a valid assertion of privilege, the state does not dispute the holdings of those cases. However, just because he's being called as an adverse witness is not going to be enough. If that's what's drawn from those cases, the state would respectfully disagree with the holding. He'd have to assert his privilege. He'd have to assert it, and if he voluntarily testifies and tries to assert it, then he would have waived it. If the state calls him and he says nothing, then he's forfeited the claim? If he claims the privilege and doesn't testify at all, I don't know if he can be held accountable. No, if the state calls him and he just takes the stand and testifies. Oh, if he's called as an adverse witness and does not claim the privilege, and it's not a penalty case for the reasons I'll get to later, then it's admissible, fully admissible. That could have a determined effect on the filing of petitions to rescind. Well, the defendant has the ability to claim the privilege, and he's not going to be penalized for doing so. Would he be able to claim the privilege if he's putting himself on the stand? If he finds himself in the force of circumstance, like the Yeeham case, where he feels or Jason sees the allegedly abusive parent who says, I want to get my kid back, custody my kid back, and I have a right to that, but the state's now requiring me to explain the source of the injury, and I'm the best evidence because I was the only person there at the time, and they said that's not compulsion with the meaning of the Fifth Amendment because it has to be a situation where the statute or the scheme, here the Applied Consent Scheme says, and it doesn't say here, if it had said, if you plead the Fifth, you're going to lose your license. That's a penalty case. That's under guarantee because in that circumstance, there's automatic forfeiture, for example, of an office or a right. For example, if you're applying for unemployment benefits, you're not going to receive them if you ever plead the Fifth. That's a penalty case. But for the person to become self-executing in a penalty case, however, the penalty has to be triggered by the very assertion of the privilege. It's not enough for the defendant to say in this circumstance, well, he feels like he's the best witness, even if that may not be true in this context because he could have somebody take a picture, for example, and admit the photograph of the ball hitch and the license plate that was allegedly obscured. He could have done that with another witness. But even if he was the best witness, it's not enough to say, well, I have to now weigh, am I going to expose myself to incrimination in my DUI trial, or am I going to have a little less chance or maybe a lot more less of a chance of succeeding in keeping my driver's license? It's not enough for a penalty case to attach because there,  the chief finds himself, of course, in a circumstance like in Yeeham and the Jason case, where he feels, now I have to testify, but he still has that choice. He's not being compelled to testify over valid assertion of privilege. He's not being penalized directly for asserting his privilege. So for those reasons, it's not like a suppression hearing like in Simmons and Sturgis. It's not a penalty case like in Garrity or Lefkowitz. It gets back to the general rules, which is like in Peterson, where you have an accused, for example, it's analogous, who arrives to testify in one trial, and now he's faced with a retrial, and now he says he doesn't want it admitted against him. He waives his privilege by voluntarily testifying. He's in a role of the civil plaintiff, like footnote 23 of Simmons. And this court has recognized, I'm sorry, my time has expired. I was just going to say this court has recognized and waives that a person who files a petition for rescission is in the role of the civil plaintiff. So Simmons footnote 23 applies. For those reasons, the state requests this court to reverse the order of suppressing evidence and to remand for further proceedings. Thank you. Thank you, counsel. Mr. Nitzley? May it please the court, my name is Jason Nitzley. I represent Gerald Snow. We request that this court agree with the lower court's ruling that Mr. Snow's testimony at the statutory summary suspension proceedings be excluded as evidence in the state's case-in-chief at the DUI trial. The lower court indicated that that evidence may indeed be used for impeachment purposes, but the ruling of the lower court was properly following the decisions in Tilden and Hall. As this court is aware, the Tilden decision, then followed by Hall, discusses when a defendant testifies at a statutory summary suspension hearing that the evidence obtained from that testimony should not be used against him in a subsequent DUI proceeding. We believe that the court should hold that although Mr. Snow testified on direct examination by his attorney having called him, that this testimony should not be perceived as being voluntary when it's moved beyond the direct examination but to the cross-examination by the state. Furthermore, the cross-examination by the state elicited the testimony that is at issue here that we're trying to bar from being admitted in the case-in-chief of the state. The statements made on cross-examination weren't voluntary because they weren't directly elicited through direct examination. Well, how can you think to stand and be surprised that you're going to be cross-examined? I mean, it's a long-standing proposition of law that by taking the stand voluntarily, you waive your right against self-incrimination as to what you say on direct and cross. Your Honor, that the statements were not voluntary inasmuch as they reasonably exceeded arguably the scope of the original questionings. How did they exceed the scope? Your Honor, because the defendant was attempting to attest that the stop didn't comply with the requirement that a stop be based upon reasonable suspicion, and the questioning delved into events that happened preceding the stop and not the stop itself. On direct examination, didn't he say he had one or two beers? Yes, Judge. Okay. And he can just get away with saying that, and he's not subject to cross-examination on that point? Your Honor, our position is that he could reasonably expect to be subject to cross-examination. However, the events preceding the stop weren't reasonably anticipated that he would be asked questions regarding events throughout the day when initially he was contesting the basis of the stop. Well, but am I correct that he testified that he had one or two beers at this one tavern on direct examination from his lawyer?  Okay. That opens, that's a, I don't see how you can not say that that subject of inquiry is open on cross once he says that. I mean, his lawyer opened that door. If his lawyer restricted his entire interrogation of his client to, could you see the license plate given the existence of a ball hit, or a ball hitch, right? Who drank what, when, where, completely outside the scope of direct examination, right? But once you elicit the testimony from your client, yeah, I had one or two beers at XYZ Bar, that door is not just cracked open, it's wide open under the rules of evidence. Wouldn't you agree with that? Yes, Judge. All right. One other issue, counsel, is the question of the scope of cross-examination is left in solid discretion of the trial court. So even if we thought maybe it did exceed it, it's not a question of how would we have ruled, it's more a question of whether or not the trial court rule was unreasonable in permitting this series of questions to be asked and requiring the defendant to answer. So it just seems to me that we can't have the Fifth Amendment based on such a weak read as the scope of cross-examination. If the defendant takes the stand, back to my earlier observation, he's opened himself up to both direct and cross-examination. What he says is no longer something that he can claim Fifth Amendment protections for. Your Honor, if that is the case, and if he can no longer claim Fifth Amendment privilege, ruling in Tilden and then Hall would still apply, in that it would be appropriate to exclude those statements. If, in these circumstances, they were received as voluntary, it would be proper to exclude those statements. The Simmons decision is clear. Well, in those cases, did the State call the defendant to testify? Refresh my recollection. In Tilden and Hall. In Tilden and Hall, the record reflects that in one instance, the State requested to have the defendant testify, Your Honor. And then the procedural foster deals with the case being remanded when the individual wasn't required by the court to testify. In the other, the individual was an adverse witness as well. Isn't that different from our situation here, where the defendant voluntarily takes the stand in support of his own petition? Your Honor, when there's a statutory summary suspension that's been initiated, our argument is that filing a petition to rescind is not voluntary. Somebody is forced into a position where they're attempting to regain their privileges. And the Minnesota v. Murphy, inasmuch as when we're talking about any Fifth Amendment privileges that must be asserted, we are dealing with an individual being penalized that forecloses their choice to remain silent. Inasmuch as they've lost their driving privileges, they're their own best witnesses to attempt to regain their driving privileges. It's directly analogous with garrity as well. They're dealing with employment, not specifically driving privileges, but essentially one is compelled to testify. So through that perspective, we'd indicate that one is compelled and the entire proceeding is perceived by us as not being a voluntary proceeding. These are directly promptable to motion to suppress proceedings and that the exact same rules, well, the exact same basis is alleged. All the bases of the petition rescind, you know, improprieties with warning to motorists, whether or not the breathalyzer machine might have been calibrated properly, those were all withdrawn. And the only argument was the reasonable suspicion of probable cause for the stop. And clearly the case law indicates that admissions made during proceedings when one is exercising a Fourth Amendment privilege, such as the motion to suppress proceedings, indicate that those shouldn't be used against you in subsequent proceedings. The case law further went on over the years to indicate, well, we can use that for impeachment purposes. But, I mean, we're not dealing with a situation here where the lower court ruled that Mr. Snow would be allowed to perjure himself at the contemporaneous DUI trial. No, the court ruled properly that that evidence should be allowed to be used as impeachment. The court looks at the decisions between Hall and Tilden. There are quite a few years between the decisions, with Hall being within the last several years. It appears that Hall even expands on Tilden when the court discusses how even the question that the state shouldn't be allowed to benefit from using a suspension hearing is a discovery type of process. And those types of admissions and evidence should be admissible at the DUI proceedings as well. So we're looking at the court's perception of these hearings as growing more analogous to the motion to suppress proceedings. This decision, this ruling would be no different, in our opinion, if Mr. Snow were required to be called as an adverse witness directly by the state rather than his own counsel. The decision should be the same if Mr. Snow testifies when called by his attorney, whether that's on direct or cross. We're dealing with a different set of circumstances. The defendant in this issue was on the stand in court, being required to testify by the court. Once he had taken the stand, those are entirely different sets of circumstances from previous cases discussing these issues where a statement might be made voluntarily to the police officer in the investigative gathering stage of a prosecution. And therefore, the difference between being called as adverse or called by one's own counsel should be new as much as Mr. Snow is compelled to testify in the sense that if he refrenched from testifying, he does forego a benefit, and the privilege to drive is a substantial benefit while not specifically cited in the Constitution. It is seen as important enough to have a statutory, the right to a hearing within 30 days, which he was granted within 30 days of filing his petition to rescind the statutory summary suspension. That petition, just like the motion to suppress, should be allowed to be, the allegations in that petition should be allowed to be used against him for purposes of impeachment at the contemporaneous DUI trial. But identically to the admissions and the motion to suppress, should be excluded in the case of chamber. Thank you, counsel. Ms. Brooks. Thank you, your honors. First of all, I'd like to talk about the fact that, or the allegation that, and the objection was made that this became, the cross-examination exceeded the scope of direct. In respect with the hypothetical situation where if he had only alleged or testified about the license plate issue, and then now the prosecutor starts asking him all the questions about the drinking, well, it could be the rule at that point that the defendant can say, I'd like to plead the fifth. Now, he had waived his privilege against self-incrimination as to the subject matter about which he was testifying on direct. And so if the prosecutor wants to exceed that, it could be the rule then that he could at that point invoke his privilege against self-incrimination when the cross-examination begins to exceed the scope of direct examination. However, that does not mean that any questioning that exceeds the scope of direct examination is going to create a self-executing privilege, which is essentially what the defendant would have, this court would have to rule that way in order for the defendant to prevail. With respect to Tilden and Hall, they did not say that any time a petitioner at a rescission hearing testifies, that that makes it inadmissible in a DUI proceeding. That was not a broad rule to be drawn from Tilden and Hall. Instead, it should focus on the citation of Minnesota v. Murphy and the fact that both of those petitioners had invoked their privilege. And the trial court here talks about an element of compulsion. I like to get to the defense, talk about being compelled. What matters here is, is he compelled within the meaning of the Fifth Amendment as explained by Minnesota v. Murphy? He didn't claim the privilege. It's not a penalty. Therefore, he was not compelled within the meaning of the Fifth Amendment. That's all that matters. And the trial court might be concerned a little bit about the policy, for example, of the situation. Well, what about drivers who are trying to vindicate rights, trying to get their licenses back? It's really a matter for the legislature. If they want to say something about this situation, try to protect petitioners who want to try to retain their license to drive, yet not have to make this difficult choice whether they want it to testify. It could be a difficult choice, but it's not an improper one to force the defendant to make. So therefore, this matter should be for the legislature, and this court should reject the new exclusionary rule that the trial court crafted in this case. So for those reasons, the state requests this court to reverse the amendments. Thank you, Your Honors. Thank you, Counsel. We'll take this matter under advisement, and we will adjourn for the day.